HOWELL v. LEMON and Others.

Debt upon a promissory note for 70 dollars. The defendants pleaded, that the plaintiff had previously purchased a printing-office and fixtures of *A.* and *B.* at a price specified, and had given them a mortgage to secure the purchase-money; that on the same day the plaintiff sold the printing-office, &c., to the defendants for 70 dollars, and took their note therefor, being that sued on, and that the defendants were to have the privilege of purchasing the claim of *A.* and *B.* upon such terms as they could, and if they should make the purchase so as to release the plaintiff from any liability to *A.* and *B.*, the defendants were to have the ownership upon paying the plaintiff the amount specified in said note, but if they should not make the purchase, they were to pay said sum of 70 dollars for the use of the property a year, during which time the plaintiff agreed to assure the possession of it. The plea then averred that the defendants had purchased the claim of *A.* and *B* and procured the plaintiff's release from all claims of *A.* and *B.* for the purchase-money, whereby they became invested with the entire property in the printing-office, &c., and so the consideration of the note had failed. *Held,* that the facts showed no failure of consideration, and that the plea was bad.

ERROR to the *Madison* Circuit Court.

SMITH, J.—Debt upon a promissory note for the payment of 70 dollars, made by *Lemon* and *Ryan* in favor of the plaintiff in error.

The defendants below pleaded the general issue, and also a special plea stating certain facts which they averred amounted to a failure of consideration. A demurrer to the special plea was overruled, and judgment was thereupon rendered for the defendants.

That plea alleged that an agreement in writing had been entered into by the parties at the time the note was made. The agreement was set out on oyer and is, substantially, to the following effect: That *Howell*, the plaintiff below, had previously purchased a certain printing-office and fixtures of *Woolman* and *Brownlee* at the price of 500 dollars, and had given the latter-named persons a mortgage thereon to secure the payment of the purchase-money; that *Howell* had, on the day of making this agreement, sold the said printing-office and fixtures to the defendants for 70 dollars, and had taken their note therefor; (this was the note now sued upon). And that the de-

fendants were to have the privilege of purchasing the claim of *Woolman* and *Brownlee* upon such terms as they could, and if they succeeded in purchasing *Woolman* and *Brownlee's* claim, so as to release *Howell* from any liability to those persons, the defendants were to have the ownership of the property, they paying to *Howell* only the 70 dollars in the note specified; but if they did not purchase the claim of *Woolman* and *Brownlee* they were to pay the said sum of 70 dollars for the use of the property for a period of one year, during which time *Howell* agreed to assure the possession of it.

The defendants averred that they did purchase the claim of *Woolman* and *Brownlee*, and procure the release of the plaintiff from all claims against him for the purchase-money he had agreed to pay *Woolman* and *Brownlee*, wherefore, the defendants say they have become invested with the entire property in said printing-office and fixtures, and the consideration of said note has failed.

The Court below must have misapprehended the terms of the agreement thus set out. It is distinctly stated that the note was to be paid whether the defendants purchased the claim of *Woolman* and *Brownlee* or not. If they did purchase that claim, the consideration was the purchase of the rights which the plaintiff had acquired, or the transfer of his bargain with *Woolman* and *Brownlee* to the defendants. If they did not purchase it, they were to pay the sum specified for the rent of the property. Their averment that they did purchase *Woolman* and *Brownlee's* claim does not show any failure of the consideration.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore*, for the plaintiff.
*J. Davis*, for the defendants.